UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANIQUE PEREZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 25-3916 (UNA) |
| ) | |
| MERRICK GARLAND, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Shanique Roseanne Nicole Perez's motion for leave to proceed *in forma pauperis* (ECF No. 2), petition for a writ of mandamus (ECF No. 1, "Pet."), and motion to correct the docket (ECF No. 3). The Court will grant petitioner leave to proceed *in forma pauperis*, deny the petition, and deny the motion to correct the docket.

Petitioner claims she was a minor enrolled in District of Columbia Public Charter Schools when, over several years, a teacher sexually abused her. *See* Pet. at 1. According to petitioner, the crimes committed against her were federal crimes, *see id*. at 2–3, yet the teacher was prosecuted in the Superior Court of the District of Columbia rather than the United States District Court for the District of Columbia, *see id*. at 3, 5. This course of action allegedly resulted in "a diluted plea, limited sentencing exposure, and loss of federal evidentiary control," and "[t]he diversion of this matter into local criminal channels, coupled with the refusal of federal authorities to exercise oversight, . . . shield[ed] federally funded educational institutions from Title IX accountability." *Id*. at 5–6. Petitioner brought this action against the former Attorney General for the United States, Director of the Federal Bureau of Investigation, and United States Attorney for the District of Columbia, and among other relief, petitioner demands a

1

writ of mandamus compelling respondents "to re-open and pursue federal investigation and prosecution of trafficking and related offenses arising from the [teacher's] conduct[.]" *Id*. at 12.

"A writ of mandamus is a "drastic and extraordinary" remedy." *Brady v. Garland*, No. 23-cv-00212 (APM), 2023 WL 7213804, at *2 (D.D.C. Sept. 29, 2023) (quoting *Cheney v. U.S. District Court*, 542 U.S. 367, 380 (2004)), *aff'd*, No. 23-5246, 2024 WL 1693618 (D.C. Cir. Apr. 11, 2024) ; *see Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."). "To establish entitlement to mandamus relief, the plaintiff must demonstrate 1) a clear and indisputable right to the particular relief sought against the federal official, 2) that the federal official is violating a clear duty to act, and 3) that the plaintiff has no adequate alternate remedy." *Illinois v. Ferriero*, 60 F.4th 704, 713 (D.C. Cir. 2023) (citation omitted). "These three threshold requirements are jurisdictional; unless all are met, a court must dismiss the case for lack of jurisdiction." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016).

Here, petitioner neither demonstrates a clear and indisputable right to the relief she demands nor respondents' clear duty to act. "The decision whether and when to investigate a particular matter is quintessentially discretionary," *Gage v. U.S. Attorney General*, No. 22-cv-0283, 2022 WL 602451, at *1 (D.D.C. Feb. 28, 2022); *see Ballance v. Peeples*, No. 10-cv-0864, 2010 WL 3069201, at *1 (D.D.C. Aug. 5, 2010) ("Petitioner cannot compel a criminal investigation by any law enforcement agency by means of a writ of mandamus."), and "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General. Mandamus will not lie to control the exercise of this

2

discretion," *Powell v. Katzenbach*, 359 F. 2d. 234, 234 (D.C. Cir. 1965) (citations omitted); *see Schlesinger v. Mukasey*, No. 08-cv-1668, 2009 WL 530350, at *1 (D.D.C. Mar. 3, 2009) (dismissing for lack of subject matter jurisdiction petition seeking to compel United States Attorney General and United States Attorney for the Eastern District of New York to "investigate and prosecute offenses allegedly committed by individuals involved in [petitioner's] criminal prosecution).

An Order accompanying this Memorandum Opinion will separately issue.

DATE: December 5, 2025

/s/
ANA C. REYES
United States District Judge